BLANCHE, Judge.
Renford C. Rodgers was employed as a Probation Officer I by the Department of Public Welfare and as such was a classified employee of the Louisiana Civil Service. On September 18, 1969, he was suspended without pay for a period of one week by the appointing authority, Garland L. Bonin, Commissioner of Public Welfare. Appellant did not appeal within thirty days after the date of his suspension as required by Civil Service Rule 13.12(a), subsection 1. This rule provides for the delay for perfecting an appeal and so far as applicable here states that no appeal shall be effective unless a written notice in compliance with the requirements of Rule 13.11 is received in the office of the Director of the Civil Service within thirty days after the date on which appellant received written notice of the action on which the appeal is based. Rule 13.11 states the requirements for requesting an appeal.
Civil Service Rule 6.15(a) provides that any employee may be granted a one-step increase at the end of each twelve-month period of continuous employment. On February 5, 1970, appellant was notified that the annual one-step pay increase was denied him “in view of the disciplinary action and suspension which was necessary to effect during the last year.”[1] On March 3, 1970, Rodgers appealed to the Louisiana Civil Service Commission, contending that after the one-week suspension had been levied against him on September 18, 1969, that the denial of the annual one-step pay increase constituted dual punishment for one offense.
The appointing authority filed a motion for the summary disposition of the appeal, and at a hearing before the Civil Service Commission on August 18, 1970, the motion was sustained and the appeal was dismissed. An appeal to this Court was taken from the dismissal of the appeal by the Commission.
The Civil Service Commission held that the denial of the one-step increase was not a disciplinary action, as its granting was within the sound discretion of the appointing authority. We concur and affirm.
The issue before the Civil Service Commission was a legal issue and required no evidence for decision. The two acts which appellant argues constitute dual punishment are admitted, and only the characterization of the failure to grant the one-step pay increase is in dispute. The hearing of the motion for summary disposition of the appeal was proper.
Appellant’s dual punishment argument ignores the distinction between disciplinary action under Rule 12.1 and the failure to grant an annual one-step pay increase under Rule 6.15(a) of the Commission rules. Rule 12.1 is under the chapter entitled “Disciplinary Actions, Separations, and Layoff” and grants authority to the appointing authority to discipline an employee for punitive purposes.
Rule 6.15(a) is under the chapter entitled “Pay Plan” and the authority of the appointing authority to grant a step increase on the occurrence of certain conditions of employment is couched in discretionary terms. The right to the step increase being discretionary, the denial thereof is not a disciplinary measure. The rule provides: “At the end of each twelve-month period of such continuous employment thereafter he becomes eligible for and may be granted one additional step increase.” (Emphasis supplied) There is no language to be found in this section *165 which in any way grants a mandatory right to a step increase. In this connection the Commission held:
“It is within the sound discretion of the appointing authority to determine whether the raise is earned and this takes into account an appraisal of talents as well as attitude, dedication and other factors. A conscientious but completely inadequate employee might very well receive an unsatisfactory grading or be denied a step increase because his value to the agency for which he works is realistically less than one who displays more talent. A talented but recalcitrant and uncooperative employee may also be less than satisfactory in performance. Unless there is an abuse of discretion which results in a clear-cut discrimination on the part of the appointing authority, the denial of a step increase will not be considered ap-pealable.” (Opinion, Record, p. 48)
Counsel for appellee appropriately observes :
“If the Civil Service Commission was to accept appellant’s view, it would have the paradoxical effect of requiring an appointing authority to reward an employee who required discipline, or not discipline an employee he chose not to reward.” (Appellee’s brief, p. 5)
We view this pay plan provision for step increases as a method of rewarding employees for their loyalty and efficiency. It intends to reward the faithful employees with an annual pay increase on meeting certain time requirements, the outstanding for meritorious service [2] and withholds eligibility from the substandard,[3] but nowhere does it provide for automatic pay increases. Its granting is within the sound discretion of the appointing authority. Appellant, not having been denied any right to which he was entitled, cannot logically contend that withholding the increase was disciplinary. Further viewing the purpose of the provision to reward it is in no sense disciplinary. Therefore, even though the denial of the one-step increase was based upon a refusal to carry out orders which resulted in appellant’s suspension inasmuch as the denial thereof is not disciplinary, the argument that a dual penalty has been imposed must fall.
For the above and foregoing reasons, the decision of the Civil Service Commission is affirmed, at appellant’s costs.
Affirmed.

. Memorandum from Mrs. Leila M. Smith, Director of Personnel, dated February 5, 1970, to appellant’s superior advising that the request for a step increase to appellant was voided in accordance with department policy.

. Rule 6.15(b).

. Rule 6.15(a).